**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

ORALEE WATKINS, )
)
        Plaintiff, )
)
vs. ) Case No. 08-0231-CV-W-FJG
)
MARK VAN LOH, )
)
        Defendant. )

## ORDER

On March 28, 2008, plaintiff filed a Motion for an ex parte Temporary Restraining Order. In the Certification, plaintiff states that she has undertaken no effort to provide notice to Mark Van Loh of the application for a TRO. She states, "It is my judgment, based upon the facts set forth in the Verified Complaint, that the removal or disappearance of material papers and evidence of attempts to remove, and the further conveyance of property in the possession of Mark Van Loh, would likely accelerate, and additional irreparable harm accruing to the prehistoric sites, historic structures, historic cemeteries, historic graves, and historic human remains if Defendant learns that the issuance of a restraining order curtailing its activities was imminent." (Plaintiff's Motion for a Temporary Restraining Order, p. 6).

Fed.R.Civ.P. 65(b) states in part, "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

After reviewing the pleadings, the Court finds that there is no need to issue a temporary restraining order on an ex parte basis. Plaintiff has not pointed to any facts in her Complaint which clearly shows that there is an immediate and irreparable injury loss or damage that will result before Mr. Van Loh can respond. As the Court in Zidon v. Pickrell, 338 F.Supp.2d 1093, 1094-95 (D.N.D. 2004), noted:

> [i]t is well-established under federal law that a temporary restraining order is an emergency remedy which should only be issued in exceptional circumstances. The United States Supreme Court has recognized that a temporary restraining order is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. . . . It is only on rare occasions that an ex parte temporary restraining order is proper and then such orders should be limited to preserving the status quo only for so long as is necessary to hold a hearing.

The Court does not find that the circumstances of this case are so exceptional as to merit the issuance of an ex parte temporary restraining order. Accordingly, plaintiffs' Motion for an Ex Parte Temporary Restraining Order is hereby **DENIED.**


Date:   4/2/08              **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri        Fernando J. Gaitan, Jr.
                             United States District Judge