# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ORALEE WATKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 08-0231-CV-W-FJG |
| | ) |
| MARK VANLOH, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for Reconsideration (Doc. # 38).

### I. BACKGROUND

On February 22, 2007, the City filed a lawsuit in Platte County Circuit Court seeking an order which would allow the City to disinter and re-inter human remains at various cemeteries located on Airport property. On April 7, 2007, the Platte County Circuit Court appointed Robert H. Shaw to represent the interests of persons who were related to the remains interred in the cemeteries. On March 17, 2008, the Platte County Court conducted an evidentiary hearing on the City's petition. On April 17, 2008, the Platte County Court entered an order denying the City's request to disinter and re-inter the remains located at these cemeteries. On August 19, 2008, the City appealed this judgment.

On March 28, 2008, plaintiff filed the instant Complaint against Mark VanLoh, Director of the Aviation Department for the City of Kansas City, Missouri. Plaintiff

alleged that the city planned to disinter and re-inter human remains that were currently in cemeteries located on Airport property in order to develop the property. Plaintiff stated that she is a direct descendent of the individuals buried in the cemeteries and does not want the graves moved or alternatively requested that the City construct a Historic Memorial Cemetery Park, where all graves could be located.

Defendant Van Loh argued that summary judgment should be granted in his favor because plaintiff's Complaint is barred by the doctrines of res judicata and collateral estoppel. The Court determined from the facts and the exhibits presented that the res judicata doctrine applies.

## II. STANDARD

Plaintiff does not indicate under what Federal Rule of Procedure she is filing her Motion for Reconsideration. In <u>Coleman v. City of Pagedale</u>, No. 4:06CV01376ERW, 2008 WL 269000 (E.D.Mo. Jan. 30, 2008), the Court noted, "the Eighth Circuit has held that any motion questioning the correctness of a judgment is functionally a Fed.R.Civ.P. 59(e) motion, regardless of how the motion is styled." <u>Id</u>. at *1 (internal citations and quotations omitted). Fed.R.Civ.P. 59(e) states, "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."
In <u>Black v. United States</u>, No. 4:07CV388 HEA, 2007 WL 3312472 (E.D.Mo. Nov. 5, 2007), the Court stated:

> The Eighth Circuit has explained that Rule 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. . . .Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. . . .Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments

2

>which could have been offered or raised prior to entry of judgment. . . .
>Rule 59(e) motions served the limited function of correcting manifest
>errors of law or fact or to present newly discovered evidence.

Id. at *1 (internal citations and quotations omitted).

### III. DISCUSSION

The Order granting defendant's Motion for Summary Judgment was filed on January 30, 2009. Plaintiff filed her Motion for Reconsideration on February 9, 2009, so her motion was timely filed. In her Motion for Reconsideration, plaintiff suggests that the Court should possibly have recused itself because the Court may be a direct descendent of the Negro Cemeteries. Plaintiff also argues that defendant VanLoh did not timely respond to the Notice of Early Assessment Program notification and did not timely answer plaintiff's Complaint. Plaintiff also states that the Court held her to a different standard than it did defendant. Plaintiff also reasserts her argument that because the decision of the Platte County Court is on appeal, res judicata does not apply to prevent this action.

The Court finds no basis for granting plaintiff's Motion to Reconsider. Plaintiff has not shown that the Court committed any manifest errors of law or fact nor has plaintiff presented the Court with any new evidence. Plaintiff simply reiterates her previous arguments that res judicata does not apply because the judgment of the Platte County Court is not final, and that defendant VanLoh was late in filing his Answer. These arguments were addressed in the Order granting defendant's Motion for Summary Judgment.

As for the recusal issue, it should be noted that plaintiff did not actually file a Motion for Recusal nor did plaintiff raise this issue until *after* the Court ruled against

plaintiff. Even if plaintiff had actually filed a Motion to Recuse, the Court finds no basis for granting the motion. In Tri-State Financial, LLC v. Lovald, 525 F.3d 649, 653 (8th Cir.),cert. denied, 129 S.Ct. 630, 172 L.Ed.2d 610 (2008), the Court stated:

> Motions for recusal under 28 U.S.C. § 455 "will not be considered unless timely made." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir.2003) (citation omitted). The timeliness doctrine under § 455 "requires a party to raise a claim at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Id. (internal quotation marks and citation omitted). A party is required to bring its recusal motion promptly to avoid the risk that the party might hold its application as an option in the event the trial court rules against it. See In re Apex Oil Co., 981 F.2d 302, 304-05 (8th Cir.1992).

Additionally, even if the motion had been timely made, there is no basis for the motion. In Scenic Holding LLC v. New Board of Trustees of Tabernacle Missionary Baptist Church, Inc., 506 F.3d 656 (8th Cir. 2007), the Court stated:

> Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Because § 455(a) sets forth an objective standard, whether a judge actually is biased or actually knows of a ground requiring recusal is irrelevant. Moran v. [Clarke], 296 F.3d at 648 [(8th Cir. 2002)]. Rather, the issue is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." Id. (quotation omitted). "Because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise." United States v. Martinez, 446 F.3d 878, 883 (8th Cir. 2006).

Id. at 662. In the instant case, an average person would not reasonably question the Court's impartiality, especially since plaintiff has shown no connection between this Court and the historic cemeteries. Therefore, the Court finds that there is no basis on which to recuse.

Plaintiff also argues that this Court should reconsider its decision because

4

defendant VanLoh did not timely respond to the Notice of Inclusion in the Early Assessment Program.  Regardless, of whether defendant VanLoh did or did not delay in responding to the EAP notification, that fact has no bearing on this Court's determination that res judicata bars plaintiff's Complaint.  Plaintiff also makes the generalized argument that the Court held her to a different standard than it did defendant. Plaintiff does not expand on this or explain how she was held to a different standard. The Court applied the same rules of pleading to plaintiff as it did to defendant. Simply because plaintiff is dissatisfied with the outcome of her case is no basis for arguing that she was treated unfairly.

### III. CONCLUSION

For the reasons stated, the Court hereby **DENIES** plaintiff's Motion for Reconsideration (Doc. # 38).


Date: 04/14/09  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge